UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

VINCENT R. COATES,

    Plaintiff,

v.

    Case No. 2:13-cv-206
    HON. R. ALLAN EDGAR

ASTER BERHANE, et al.,

    Defendants.
_____/

## CORRECTED REPORT AND RECOMMENDATION

Plaintiff Vincent R. Coates filed this civil rights action pursuant to 42 U.S.C. § 1983 against Dr. Aster Berhane, M.D., Physician's Assistant Unknown Westcomb, R.N. Gail L. Staley, R.N. Unknown Bergh, Health Care Unit Manager John Kimsel, Warden Catherine Bauman, and Acting Warden Daniel Lesatz.  Plaintiff has filed a request for a temporary restraining order and preliminary injunction, alleging that defendants have failed to provide proper treatment for lesions on his testicles, various parts of his body and on the inside of his mouth.

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted.  Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2. Whether the movant has shown irreparable injury.

3. Whether the preliminary injunction could harm third parties.

4. Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff alleges that he has attempted to obtain treatment for his lesions and that the only thing that medical staff has done is to place Plaintiff in quarantine because they are unsure what is causing the lesions. Plaintiff claims that Defendants have misdiagnosed Plaintiff as having Behcet's disease and have never determined the source of his problem. Defendants Bauman, Lesatz, Kimsel, Bergh, and Staley were not involved in providing Plaintiff with medical care. Defendant Westcomb is the only Defendant who has appeared in this case that was arguably involved in

denying Plaintiff medical care.  However, Defendant Westcomb is no longer employed at the facility where Plaintiff is being housed.  Therefore, because Defendant Westcomb is not currently involved in Plaintiff's medical care, the Court cannot order Defendant Westcomb to provide Plaintiff with additional medical care at this point.  Because there is no other Defendant who has been served with the complaint that was actually involved in providing Plaintiff with medical care, injunctive relief is not appropriate at this time.  A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights.  Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for injunctive relief (docket #37)[1] be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated:  August 18, 2014

---

[1] Incorrectly identified as docket #45 in original Report and Recommendation issued August 7, 2014.